WILLIAM H. SYMMES and FRANK L. KRIETE, for appellant; J. R. GUILLIAMS and ROBERT J. SLATER, of counsel.

JOSEPH P. MAHONEY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

STREET RAILROADS, § 131*—*when evidence sufficient to show that injury to passenger in automobile colliding with street car was due to negligence of driver.* Evidence in an action to recover for personal injuries received through a collision between a street car and an automobile in which plaintiff was riding as a passenger, examined and *held* to show that the accident was caused wholly by the negligence of the driver of the automobile.

---

**Edward Atlas, by Samuel Atlas, Appellee, v. Chicago Railways Company, Appellant.**

**Gen. No. 22,964. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed May 28, 1917. Rehearing denied June 11, 1917.

### Statement of the Case.

Action by Edward Atlas, a minor, by Samuel Atlas, next friend, plaintiff, against the Chicago Railways Company, defendant, to recover for personal injuries. From a verdict and judgment for plaintiff for $554, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Frank L. Kriete, for appellant; J. R. Guilliams and Warren D. Bartholomew, of counsel.

Howard Ames, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Street railroads, § 131*—*when evidence shows no negligence in operation of car striking child.* Evidence in an action to recover for personal injuries to a child struck by a street car in crossing the track, examined and *held* to show that defendant was guilty of no negligence in the management and operation of its car.

2. Street railroads, § 66*—*when motorman not negligent in injuring person suddenly appearing on track.* Where a pedestrian unexpectedly appears upon a street car track before an approaching car, it is the motorman's duty to do all that he reasonably can to avoid an accident, and, if he does this, it cannot be said that the accident was caused by negligence on his part.

---

## Anna Francesetti, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 22,863.

1. Negligence, § 45*—*when evidence is sufficient to show that coal dump pile and machinery constitutes an attractive nuisance.* In an action against a coal mining company to recover for personal injuries to a child which were alleged to have been caused by an attractive nuisance on its premises, consisting of a dump pile and machinery used in connection with the dump, where the evidence shows that the place where the machinery was operated was open and, to defendant's knowledge, frequented by children; that it could have been protected, in the exercise of reasonable care, so as to exclude accidents without interfering with its practical operation; that defendant knew that, unprotected, the place was one of danger to children who had not attained years of